## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

FRANCIS GUY,

      Plaintiff,

    v.

MOHAMED S. ELIWA, *et al.*,

      Defendants.

No. 4:23-CV-00412

(Chief Judge Brann)

## MEMORANDUM OPINION

### SEPTEMBER 11, 2023

## I.  BACKGROUND

### A.  Factual Background

This case arose following a three-car accident on the Interstate 80 highway. On September 2, 2022, Plaintiff Francis Guy (hereinafter "Guy") was parked in his tractor trailer on the westbound side of the Interstate 80 highway in Centre County, Pennsylvania.[1] At that time, two Defendants, Mohamed S. Eliwa (hereinafter "Eliwa") and Humphreys Namilaza (hereinafter "Namilaza"), were also on the westbound side of the Interstate 80 highway.[2] Eliwa's freightliner was traveling in a lane to the left of Namilaza's semi-trailer.[3] The chain of events provoking this litigation began when Eliwa crossed into Namilaza's lane of travel.[4] Guy alleges that

---

[1]   Complaint, Doc. 1 ¶ 15.
[2]   *Id.* ¶¶ 16-17.
[3]   *Id.* ¶¶ 13-14, 17-18.
[4]   *Id.* ¶ 18.

Eliwa lost control of his tractor trailer, exceeded the speed limit, and failed to safely change lanes.[5] Namilaza "violently swerved" his semi-trailer in response, and his semi-trailer then struck the Plaintiff's parked tractor trailer.[6]

Eliwa thereafter fled the scene of the accident without attempting to stop or render aid, despite understanding his legal duty to do so.[7] Namilaza's post-accident conduct is not described in the complaint. Guy alleges that Eliwa was subsequently charged by the Pennsylvania State Police with accidents involving death or personal injury, disregarding a traffic lane, accident involving property damage, failure to stop and give information and render aid, careless driving, and recklessly endangering another person.[8] As a result of the accident, Guy avers that he sustained various serious physical injuries requiring ongoing medical care.[9]

Guy has also sued Eliwa and Namilaza's alleged employers, on grounds of vicarious liability and negligent hiring and supervision of their employees.[10] Eliwa's alleged employer is G.S.C. Heavy Hauling, LLC ("GSC");[11] Namilaza's is M. Brothers Trucking, LLC.[12] Guy alleges that GSC was negligent or reckless in its hiring and supervision of employees; in hiring Eliwa despite knowing that his

---

[5]   *Id.* ¶¶ 37(a), 37(f), 37(h).
[6]   *Id.* ¶¶ 19-20.
[7]   *Id.* ¶¶21-23.
[8]   *Id.* ¶ 24.
[9]   *Id.* ¶¶ 25-34.
[10]  *Id.* at 9-14, 16-21.
[11]  *Id.* ¶5.
[12]  *Id.* ¶8.

driving record and propensity for speeding made him unfit to safely operate a commercial vehicle; and in failing to ensure that Federal Motor Carrier Safety Administration ("FMCSA") hour of service requirements were adhered to.[13]

### B.      Procedural Background

On March 8, 2023, Guy filed a six-count complaint against Defendants, three of which are directed against the moving defendants, Eliwa and GSC ("Moving Defendants").[14] The other three counts are directed against Namilaza and M. Brothers Trucking,[15] who filed an answer rather than joining in their co-defendants' motions.[16] This is a case of negligence predicated on this Court's diversity jurisdiction[17] and brought under Pennsylvania law.

On June 5, 2023, Moving Defendants filed three motions: a motion for a more definite statement, pursuant to Federal Rule of Civil Procedure 12(e); a motion to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6); and a motion to strike, pursuant to Federal Rule of Civil Procedure 12(f).

The motions are now ripe for disposition. For the reasons that follow, the motion for a more definite statement is GRANTED as to paragraphs 37(m), 37(o), 37(p), 37(t), 37(u), 37(x), 29(m), (o), 29(p), 29(t), 29(u), 29(x), 34(p), 34(s), and

---

[13]   Doc. 1 at 11-13, ¶¶34(a)-(cc).
[14]   *Id.* at 6-14.
[15]   *Id.* at 14-21.
[16]   Defendants Namilaza and M. Brothers Trucking's Answer, Doc. 20.
[17]   Guy is a citizen of Texas; Eliwa is a citizen of Florida; GSC's principal place of business is in Illinois. Doc. 1 ¶9.

34(bb), and DENIED as to paragraphs 37(n), 29(n), 34(p), 34(q), 34(r), and 34(cc);[18] the motion to dismiss is DENIED; and the motion to strike is DENIED.

## II.   DISCUSSION

### A.   Motion for More Definite Statement

#### 1.   Standard

Sometimes, a pleading is so "vague or ambiguous" that the opposing party "cannot reasonably prepare a response."[19]  When that happens, Federal Rule of Civil Procedure 12(e) permits a party to move for a more definite statement.  That motion "must be made before filing a responsive pleading and must point out the defects complained of and the details desired."[20]  Whether to grant a motion for a more definite statement is "committed to the discretion of the district" court.[21]  At the same time, such motions are generally disfavored.[22]  They should be used to "provide a remedy for an unintelligible pleading rather than as a correction for a lack of detail."[23]

---

[18]   Paragraph 37 refers to Count I, pages 7-8. Paragraph 29 refers to Count II, pages 9-10. Paragraph 34 refers to Count III, pages 11-13.

[19]   Fed. R. Civ. P. 12(e).

[20]   *Id.*

[21]   *Woodard v. FedEx Freight East, Inc.*, 250 F.R.D. 178, 182 (M.D. Pa. 2008).

[22]   *Synagro-WWT, Inc. v. Rush Tp., Penn.*, 204 F. Supp. 2d 827, 849 (M.D. Pa. 2002).

[23]   *Premier Payments Online, Inc. v. Payment Sys. Worldwide*, 848 F. Supp. 2d 513, 522 (E.D. Pa. 2012) (quoting *Frazier v. SEPTA*, 868 F. Supp. 757, 763 (E.D. Pa. 1994)).

### 2.      Analysis

Defendants request a more definite statement as to paragraphs 37(n), 37(o), 37(p), 37(t), 37(u), 29(n), 29(o), 29(p), 29(t), 29(u), 34(p), 34(q), 34(r), 34(s), 34(bb), and 34(cc) of Plaintiff's complaint, which Defendants assert are insufficiently specific as to which statutes have been violated,[24] and a more definite statement as to paragraphs 37(m), 37(x), 29(m), and 29(x) of the complaint, which Defendants assert contain "vague or open-ended allegations of negligence."[25] Defendants also moved for a more definite statement as to the words "but is not limited to" in paragraphs 37, 29 and 34, but because the parties have already agreed to strike these portions of the complaint, the Court need not address them in this opinion.[26]

### i.      Statutes, Rules, and Regulations

The Court will first discuss those parts of Defendants' Motion for a More Definite Statement concerning Plaintiff's allegations that Defendants violated various statutes, rules, and regulations. The Court will grant the motion for a more definite statement as to paragraphs 37(o), 37(p), 37(t), 29(o), 29(p), 29(t), 37(u), 29(u), 34(p), 34(s), and 34(bb). The Court will deny the motion for a more definite statement as to paragraphs 37(n), 29(n), 34(p), 34(q), 34(r), and 34(cc).

---

[24]   Defendant's Brief in Support of Rule 12 Motions, Doc. 9 at 20.

[25]   *Id.* at 22. Paragraph 37 refers to Count I, pages 7-8. Paragraph 29 refers to Count II, pages 9-10. Paragraph 34 refers to Count III, pages 11-13.

[26]   *Id.* at 20; Plaintiff's Response in Opposition to Defendant Eliwa and GSC's Rule 12 Motions, Doc. 12 at 3, n.2.

Paragraphs 37(o), 37(p), 37(t), 29(o), 29(p), and 29(t) allege that Eliwa was negligent or reckless by failing to "appraise himself of," "abide by," and "operate his tractor trailer in accordance with" Federal Motor Carrier Safety Regulations ("FMCSRs"). This amply suffices as a pleading to which Defendants cannot reasonably prepare a response. The FMCSRs span Parts 300 to 399 of Title 49 Code of Federal Regulations,[27] leaving Defendants with no way of responding "even with a simple denial[] in good faith or without prejudice to himself."[28] Paragraphs 37(u) and 29(u) sweep even more broadly, alleging that Eliwa was negligent or reckless by "[v]iolating the applicable rules, regulations, and laws pertaining to the safe and proper operation of motor vehicles and/or tractor trailer units;" similarly, paragraphs 34(s) and 34(bb) respectively allege that GSC itself was negligent or reckless by "[v]iolating the applicable rules, laws and regulations pertaining to and governing the operation of commercial vehicles" and "knowingly violating federal and state law regarding the responsibilities of motor carriers and the operation of commercial vehicles."

As Defendants point out, refusing to grant a Motion for a More Definite Statement as to these paragraphs risks allowing Plaintiffs to "backdoor new and/or different theories of recovery . . . as the case proceeds, or they are mere

---

[27] *See* 49 C.F.R. §§ 300-399 (2023).
[28] *Hicks v. Arthur*, 843 F. Supp. 949, 958-59 (E.D. Pa. 1994).

surplusage."[29] As to these paragraphs, the motion for a more definite statement is granted, and the paragraphs will be stricken if they cannot be re-pled with the requisite degree of specificity.

Paragraph 34(cc), however, alleges that GSC was negligent or reckless by "failing to act upon and remedy known violations of FMCSA regulation 395." Regulation 395, titled "Hours of Service of Drivers," sets out limitations on the driving hours of commercial drivers[30] and requires them to keep records of their hours of service through an Electronic Logging Device.[31] Guy adds additional context to this allegation by elaborating elsewhere in the complaint that GSC "knew or should have known that [Eliwa's] violation of FMCSA hours of service made him unfit to safely operate a commercial vehicle," and that GSC did not monitor or regulate its drivers' hours, audit its drivers' logs, or have a policy in place to address fatigue in its drivers.[32] The Court is satisfied that Guy's citation to the "Hours of Service of Drivers" provision of the FMCSRs is specific enough for Defendant GSC to provide an answer at the motion to dismiss stage of this litigation; Plaintiff's additional allegations related to the hour of service requirement even further solidify that his pleadings are sufficiently intelligible.

---

[29]   Doc. 9 at 21. *See Maya v. Chertok*, No. 1:15-cv-00484, 2015 U.S. Dist. LEXIS 119815, at *9-10 (M.D. Pa. Sept. 9, 2015) (collecting cases in which 12(e) motions have been granted due to a complaint "ask[ing] a defendant to answer 'vague and sweeping allegations, incorporating potentially innumerable state and federal laws.'").

[30]   Maximum Driving Time for Property-Carrying Vehicles, 49 C.F.R. § 395.3 (2023).

[31]   Driver's Record of Duty Status, 49 C.F.R. § 395.8 (2023).

[32]   Doc. 1 at 11-13, ¶¶ 37(c), (u), (w)-(y).

Paragraphs 37(n) and 29(n) allege that Eliwa's negligence or recklessness consisted of "violating the written and unwritten policies and procedures of Defendant GSC." Although these paragraphs also allege violations of unspecified rules, they will survive the motion for a more definite statement. "Plaintiffs cannot be expected to have personal knowledge of the details of corporate internal affairs at the pleading stage."[33] Because "Defendant, not Plaintiff[], is in possession of, and knowledgeable about, such policies," Defendants can formulate a defense based on Plaintiff's allegations, and move for summary judgment if no details about specific policies and procedures emerge during discovery.[34] Unlike Plaintiff's opaque references to violations of the FMCSRs or "applicable laws," Plaintiff's allegation that Eliwa and GSC failed to comply with GSC's internal policies and procedures also captures a far smaller scope of materials, making it far more practical for Defendants to respond in good faith.

Paragraphs 34(p) and 34(q) allege that GSC was negligent or reckless by failing to ensure that its personnel "were aware of" and "complied with" the FMCSRs. Paragraph 34(r) alleges the same for "the rules, laws and regulations pertaining to and governing the operation of commercial vehicles." As mentioned,

---

[33] *Jurimex Kommerz Transit G.M.B.H. v. Case Corp.*, 65 F. App'x 803, 808 (3d Cir. 2003) (quoting *Craftmatic Sec. Litigation v. Kraftsow*, 890 F.2d 628, 645 (3d Cir. 1989)) (cleaned up).

[34] *Davis v. Frederick*, No. 10-cv-2119, 2010 U.S. Dist. LEXIS 94979, *6-7 (E.D. Pa. Sept. 9, 2010).

the FMCSRs are a sprawling tome of rules, and Plaintiff's reference to "rules, laws and regulations pertaining to and governing the operation of commercial vehicles" is similarly nebulous. More specificity would certainly be beneficial, and will no doubt be developed with more particularity during discovery. However, these allegations are really directed towards GSC's training procedures on compliance with legal requirements for commercial drivers.

Just as GSC has knowledge of its own policies and procedures, GSC has knowledge of its own training procedures, and reviewing these training procedures is not a herculean task. GSC can easily provide an answer at this stage of the litigation as to whether it provided satisfactory training to its personnel on compliance with applicable legal rules, the specific details of which can be developed later in this litigation.

### ii.   Negligence

Moving Defendants also make a Motion for a More Definite Statement concerning allegations of negligence.

Paragraphs 37(m) and 29(m) both allege that Eliwa "[o]perat[ed] his tractor trailer in a negligent, careless, and reckless manner without due regard for the rights and safety of the Plaintiff." Negligent, careless, and reckless are all adjectives which fail to describe a specific event; because Eliwa was operating a tractor at all relevant times during the complaint, Defendants have no way of knowing what was negligent, what was careless, or what was reckless. These adjectively could apply to Eliwa's

9

speed of travel, his turn into Namilaza's lane, or his flight from the scene of the accident. Similarly, paragraphs 37(x) and 29(x) allege that Eliwa "act[ed] with conscious disregard for the rights and safety of the Plaintiff." As with the earlier set of paragraphs, 37(x) and 29(x) leave Defendants with no way of knowing which actions were taken in conscious disregard for the rights and safety of Guy. These paragraphs all share the same flaw; they are recitations of legal standards disconnected from any specific action on the part of Eliwa. The Motion for a More Definite Statement is therefore granted; these paragraphs of Guy's complaint will be stricken if they cannot be re-pled with the requisite degree of specificity.

**B.    Motion to Dismiss**

**1.    Standard**

Under Federal Rule of Civil Procedure 12(b)(6), courts dismiss a complaint, in whole or in part, if the plaintiff fails to "state a claim upon which relief can be granted." Following the landmark decisions of *Bell Atlantic Corp. v. Twombly*[35] and *Ashcroft v. Iqbal*,[36] "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[37] The United States Court of Appeals for the Third Circuit has instructed that "[u]nder the pleading regime established by *Twombly* and *Iqbal*, a

---

[35]   550 U.S. 544 (2007).
[36]   556 U.S. 662 (2009).
[37]   *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570).

court reviewing the sufficiency of a complaint must take three steps": (1) "take note of the elements the plaintiff must plead to state a claim"; (2) "identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth"; and (3) "assume the[] veracity" of all "well-pleaded factual allegations" and then "determine whether they plausibly give rise to an entitlement to relief."[38]

### 2.    Analysis

Moving Defendants seek dismissal of Plaintiff's punitive damages claims against them. For the reasons set forth below, the motion to dismiss is DENIED as to both claims. The Court makes no determination as to whether Plaintiff may recover punitive damages from GSC under a vicarious liability theory.

### i.    Guy's punitive damages claim against Eliwa

In opposition to Defendants' motion to dismiss Plaintiff's punitive damages claims, Guy first cites to Pennsylvania case law explaining that "procedural rules allow the plaintiff to plead gross negligence and recklessness generally."[39] Functionally, this would mean that a Plaintiff need only allege that a defendant was "reckless" for punitive damages claims to survive a motion to dismiss, so long as the

---

[38]   *Connelly v. Lane Construction Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (internal quotations and citations omitted).

[39]   Doc. 12 at 4-6 (citing Pa. R. Civ. P. 1019(b); *Archibald v. Kemble*, 971 A.2d 513, 519 (Pa. Super. Ct. 2009); *Monroe v. CBH20, LP*, 286 A.3d 785 (Pa. Super. Ct. 2022)).

underlying negligence claim also survives. In fact, there is a division of authority among Pennsylvania state courts on this point.[40]

This procedural morass is immaterial here. As a Federal court sitting in diversity jurisdiction, this Court applies Federal procedural law under the *Erie* doctrine—not state procedural law.[41] And the question of whether Plaintiffs may generally aver recklessness to support a claim for punitive damages at the Motion to Dismiss stage is clearly a procedural issue. This problem pertains directly to pleading standards under the Federal Rules of Civil Procedure,[42] specifically Rule 9(b).[43] Even in Pennsylvania courts which permit recklessness to be averred generally at the motion to dismiss stage, the record must ultimately support a finding of recklessness beyond merely claiming recklessness generally.[44] Applying Rule 9(b) does not abridge any substantive right, and therefore creates no risk of forum shopping.[45] Because this is a procedural issue, this court will apply Rule 9(b), and the Federal courts' interpretations of it.

---

[40]   *See* Daniel E. Cummins, *Pleading for Clarity: Appellate Guidance Needed to Settle the Issue of the Proper Pleading of Recklessness in Personal Injury Matters*, 93 PA Bar Ass'n Q. 32 (2022); *Hagedorn v. Rick's Backhoe Servs.*, No. 18-cv-3723, 2022 Pa. Dist. & Cnty. Dec. LEXIS 193, *15-23 (Lackawanna Cnty, Apr. 5, 2022).

[41]   *Chamberlain v. Giampapa*, 210 F.3d 134, 158 (3d Cir. 2000) (citing *Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 78 (1938)).

[42]   *See Hanna v. Plumer*, 380 U.S. 460, 472 (1965).

[43]   *Lutheran Home for the Aged v. Forest River, Inc.*, No. 1:20-cv-00035-SPB-RAL, 2020 U.S. Dist. LEXIS 78190, at *19 (W.D. Pa. May 1, 2020) (Lanzillo, M.J.) (explaining that because 9(b)'s pleading standard is "procedural rather than substantive, federal law clearly controls").

[44]   *Monroe v. CBH20, LP*, 286 A.3d 785, 780 (Pa. Super. Ct. 2022)).

[45]   *See Sibbach v. Wilson & Co.*, 312 U.S. 1 (1941).

Mirroring the Pennsylvania rule,[46] Rule 9(b) states that "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally."[47] While punitive damages are not a distinct cause of action in Pennsylvania,[48] "there is a distinction between negligence and punitive damages claims, with a plaintiff being required to meet a far lesser burden to establish a negligence claim than that which is imposed in connection with a punitive damages claim."[49] As to the defendant's state of mind, punitive damages require a showing that the defendant "has acted in an outrageous fashion due to either 'the defendant's evil motive or," as relevant here, "his reckless indifference to the rights of others.'"[50] To show reckless indifference sufficient for punitive damages, "a punitive damages claim must be supported by evidence sufficient to establish that (1) a defendant had a subjective appreciation of the risk of harm to which the plaintiff was exposed and that (2) he acted, or failed to act, as the case may be, in conscious disregard of that risk."[51] As to the degree of risk, the Defendant's conduct must create a risk which is "substantially greater than that which is necessary to make his conduct negligent."[52]

---

[46]  *Compare* Pa. R. Civ. P. 1019(b) *with* Fed. R. Civ. P. 9(b).

[47]  Fed. R. Civ. P. 9(b).

[48]  *Kirkbride v. Lisbon Contractors, Inc.*, 555 A.2d 800, 802 (1989).

[49]  *Phillips v. Cricket Lighters*, 883 A.2d 439, 445-46 (Pa. 2005).

[50]  *Id.* at 445 (citing *Martin v. Johns-Manville Corp.*, 494 A.2d 1088, 1096 n.14 (Pa. 1985)).

[51]  *Hutchison v. Luddy*, 870 A.2d 766, 772 (Pa. 2005).

[52]  *Phillips v. Cricket Lighters*, 883 A.2d 439, 445 (Pa. 2005). "[T]hree factors [are] to be considered in awarding punitive damages: 1) the character of the act; 2) the nature of the harm, and wealth of the defendant." *Kirkbride v. Lisbon Contractors, Inc.*, 555 A.2d 800, at 803 (Pa. 1989). However, the court need not weigh these factors at this stage, as "[i]t is for the jury to weigh these factors in arriving at an appropriate punitive damage award." *Id.*

This means that recklessness—like negligence—is a legal standard, with components relating to a defendant's conduct *and* a defendant's state of mind. Rule 9(b) only pertains to the latter.

Therefore, a Federal court may dismiss a completely bald allegation of "recklessness" as conclusory when requesting punitive damages in Pennsylvania. However, it is not compelled to do so. District Courts wield broad discretion in determining when dismissal is appropriate, and judges employ "judicial experience and common sense"[53] to evaluate a complaint's allegations "in a realistic, rather than a slavish, manner."[54] The weight of authority in this Circuit has prompted most courts, including this Court, to employ that discretion in favor of preserving recklessness claims at the Motion to Dismiss stage.[55] "[B]ecause the question of whether punitive damages are proper often turns on the defendants' state of mind, this question frequently cannot be resolved on the pleadings alone but must await the development of a full factual record at trial."[56] Under Federal law, "it is rare to dismiss a claim for punitive damages in motor vehicle accident cases at the outset of

---

[53]  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[54]  *City of Pittsburgh v. West Penn Power Co.*, 147 F.3d 256, 263 (3d Cir. 1998).

[55]  *Kerlin v. Howard*, No. 4:18-cv-00481, 2018 U.S. Dist. LEXIS 144152, at *4 (M.D. Pa., Aug. 24, 2018); *Maturo v. Pugh*, No. 20-1464, 2020 U.S. Dist. LEXIS 124868, *3-4 (E.D. Pa. July 16, 2020) ("the relative specificity of a recklessness claim does not warrant dismissal").

[56]  *Harvell v. Brumberger*, No. 3:19-cv-2124, 2020 U.S. Dist. LEXIS 206828 (M.D. Pa. Nov. 4, 2020) (Carlson, M.J.); *see also Mertzger v. Osbeck*, 841 F.2d 518, 521 (3d Cir. 1988) ("a court should be reluctant to grant a motion for summary judgment when resolution of the dispositive issue requires a determination of state of mind.").

litigation . . . . courts have generally deemed these motions to dismiss as premature and inappropriate where the complaint alleges reckless conduct."[57]

Even assuming more particularity were required here, dismissal would be particularly inappropriate given what Guy has alleged. Guy argues that Eliwa's flight from the scene of the accident, without stopping to render aid to Guy, is sufficient evidence of reckless indifference for the purposes of a motion to dismiss. Applying the punitive damages standard articulated above, flight from the scene of an automobile accident, without attempting to stop or render aid, certainly demonstrates a degree of reckless indifference justifying punitive damages. Some courts in this Circuit have upheld punitive damages claims at the Motion to Dismiss stage on precisely this set of facts,[58] and for good reason.

If the collision had completely incapacitated Namilaza and Guy, Eliwa's flight from the scene could have delayed medical assistance, causing serious injury or death. The fact that Eliwa also violated FMCSRs and several traffic laws during the course of the accident also weighs toward permitting punitive damages.[59] Although this Court assumes the veracity of Guy's claims for purposes of a Motion to Dismiss, it also finds the charges against Eliwa for his flight to be persuasive corroborating

---

[57] *Crandall v. Ballou*, No. 3:22-cv-01843, 2023 U.S. Dist. LEXIS 73838, at *7 (M.D. Pa. Apr. 27, 2023).

[58] *Skowronski v. Wines*, No. 11-cv-7771, 2012 WL 707087, at *1 (E.D. Pa. Mar. 6, 2012); *Randazzo v. Grandy*, No. 3:10-cv-0154, 2010 U.S. Dist. LEXIS 42006, at *1 (M.D. Pa. Apr. 29, 2010) (Blewitt, M.J.).

[59] *Delmarter v. Couglar*, No. 3:16-cv-665, 2016 WL 3951663, at *2 (M.D. Pa. July 21, 2016).

evidence.[60] Guy also offers a lengthy recitation of additional facts from his complaint to demonstrate sufficient recklessness for his punitive damages claim; the Court need not exhaustively review them here, as Eliwa's flight is more than sufficient at this juncture in the litigation.[61]

But Defendants urge this Court to disregard Eliwa's flight when considering Guy's punitive damages theory.[62] They argue that because Guy fails to allege that Eliwa's flight increased Guy's injuries or other damages, punitive damages are unavailable.[63] *Skowronski v. Wines*, which also involved punitive damages premised on a Defendant's flight from an automobile accident, provides some support for Defendants' position.[64] The Eastern District of Pennsylvania in *Skowronski* denied Defendant's motion to dismiss Plaintiff's punitive damages claims, but stated in dicta that "Plaintiff still bears the burden of establishing that his injuries are in some way related to the fact that Defendant [] allegedly fled the scene of the accident."[65] Defendants also cite to *Lane v. McLean*, in which this Court denied a Defendant's

---

[60] *See Lane v. McLean*, 3:17-cv-428, 2018 U.S. Dist. LEXIS 54033, at *6 (M.D. Pa. Mar. 29, 2018) (explaining that a defendant's criminal charges for his violations of the Pennsylvania Motor Vehicle Code during the disputed automobile accident were relevant evidence in a negligence case seeking punitive damages).

[61] Doc. 12 at 7; Doc. 1 at 6-8, ¶¶ 37(a)-(aa).

[62] Doc. 9 at 24. Defendant raises this argument when arguing that Guy's allegations of Eliwa's flight should be struck. However, it is better addressed here.

[63] *Id.*

[64] No. 11-cv-7771, 2012 WL 707087 (E.D. Pa., Mar. 6, 2012).

[65] *Id.* at *2.

motion to strike punitive damages claims.[66] While reciting the allegations Defendant moved to strike, my colleague, the Honorable Robert D. Mariani, briefly referenced the Plaintiff's claims that the Defendant's flight from the scene of the accident exacerbated his physical injuries by causing a delay in medical aid.[67] Judge Mariani did not, however, discuss the legal significance of these injuries, or state that they were necessary for that Plaintiff to prevail.[68]

Here, the Court rejects Defendant's argument, and therefore it need not examine whether dismissal of Plaintiff's punitive damages claims would be warranted absent Eliwa's flight. It is true that, because punitive damages are incidental to a claim that involves actual damages, they are unavailable where no actual damages have been suffered in an underlying cause of action.[69] But this does not mean—as Defendants suggest—that the literal, physical action incurring punitive damages must have also caused or contributed to actual damages. It simply means that the punitive damages must arise out of an underlying negligence claim

---

[66]  *Lane v. McLean*, 3:17-cv-428, 2018 U.S. Dist. LEXIS 54033, at *13 (M.D. Pa. March 29, 2018).

[67]  *Id.*

[68]  *Id.*

[69]  *Kirkbride v. Lisbon Contractors, Inc.*, 555 A.2d 800, 802 (Pa. 1989) ("an award of punitive damages is not appropriate if actual damages have not been suffered . . . [i]f no cause of action exists, then no independent action exists for a claim of punitive damages since punitive damages is only an *element* of damages").

premised on the same set of facts, and there must be some causal chain connecting the outrageous conduct to the negligence causing the accident.[70]

In the matter at hand, the conduct justifying punitive damages flows directly from Eliwa's underlying negligence. Assuming for purposes of this motion that Eliwa's negligent driving was both a but-for and proximate cause of Guy's accident and resulting injuries,[71] Eliwa's flight also stemmed from that initial negligent conduct. Eliwa's complicity in the underlying accident is both a precondition for his flight from the scene, and it is what makes that flight culpable.

This approach is more in line with the theory of punitive damages than one which requires the Defendant's specific outrageous action to have contributed to actual damages. Where outrageous conduct occurs but the Plaintiff is fortunate enough not to be injured by it, the purpose of punitive damages is still served by deterring the Defendant's conduct. Punitive damages are "penal in nature,"[72] and their purpose is to deter outrageous conduct—not to compensate the Plaintiff.[73] What is most "vital" to punitive damages is a Defendant's "state of mind."[74]  Punitive damages focus on a defendant's conduct rather than a plaintiff's injuries, and Eliwa's

---

[70]  *See Pittman v. W.W. Transp., Inc.*, No. 01-cv-882, 2001 U.S. Dist. LEXIS 17696, at *1 (E.D. Pa. Nov. 1, 2001) (dismissing punitive damages claim premised on failure to maintain records because the failure was not "causally related" to the accident).

[71]  The parties do not dispute this issue for purposes of this motion, and so it is not analyzed here.

[72]  *SHV Coal, Inc. v. Continental Grain Co.*, 587 A.2d 702, 704 (Pa. 1991).

[73]  *Kirkbride v. Lisbon Contractors, Inc.*, 555 A.2d 800, 803 (Pa. 1989).

[74]  *Feld v. Merriam*, 485 A.2d 742, 748 (Pa. 1984).

flight from the scene of an automobile accident is a sufficient basis for punitive damages regardless of whether Guy's injuries were exacerbated thereby.

### ii.   Guy's punitive damages claims against GSC

Plaintiff alleges that GSC committed a series of violations relating FMCSR 395, and pleads a host of allegations regarding GSC's hiring, supervision, and training of employees, including Eliwa specifically.[75] This all provides a viable basis for punitive damages.

Although FMCSR violations cannot sustain punitive damages where unrelated to an automobile accident,[76] "Courts have found that violations of the Federal Motor Carrier Safety Regulations [], coupled with allegations of a conscious disregard for the safety and rights of others, suffices to properly assert a claim for punitive damages."[77] Regulation 395 is a paradigm example of how such a violation can demonstrate a conscious disregard for the safety and rights of others. Trucking companies complicit in violations of hour of service limitations, or falsification of hour of service logs, demonstrate a reckless indifference by exacerbating the risk of

---

[75]   Doc. 12 at 9-10.

[76]   *See, e.g.*, *Ditzler v. Wesolowski*, No. 3:2005-cv-325, 2007 U.S. Dist. LEXIS 56736, at *19-20 (W.D. Pa. Aug. 3, 2007).

[77]   *Delmarter v. Couglar*, No. 3:16-cv-665, 2016 WL 3951663, at *6 (M.D. Pa. July 21, 2016) (collecting cases). *See also Esteras v. TRW, Inc.*, No. 3:03-cv-1906, 2006 U.S. Dist. LEXIS 60437, 2006 WL 2474049 (M.D. Pa. Aug. 25, 2006); *Came v. Micou*, No. 4:04-cv-1207, 2005 U.S. Dist. LEXIS 40037, (M.D. Pa. June 23, 2005); *Schafer v. Wickham*, No. 97-6886, 1999 U.S. Dist. LEXIS 16344, at *2, 3 (E.D. Pa. Oct. 15, 1999); *Cobb v. Nye*, No. 4:14-cv-0865, 2022 LEXIS 94235, at *8-9 (M.D. Pa. May 25, 2022); *Banayan v. Feldpausch*, 4:22-cv-00264, 2022 LEXIS 94235, at *2 (M.D. Pa. May 25, 2022).

collisions by sleep-deprived drivers. Several courts have sustained punitive damages against trucking companies on just this theory.[78]

And beyond alleging a violation in the abstract, Guy alleges that GSC "knew or should have known that [Eliwa's] violation of FMCSA hours of service made him unfit to safely operate a commercial vehicle," that GSC did not monitor or regulate its drivers' hours, audit its drivers' logs, or have a policy in place to address fatigue in its drivers, and GSC failed to "act upon and remedy known violations of FMCSA regulation 395."[79]  This alone would be enough for Guy's punitive damages claims to survive dismissal. Beyond hours-of-service violations, Guy also alleges that GSC hired Eliwa despite knowing that his driving record and propensity for speeding made him unfit to safely operate a commercial vehicle, and then failed to discipline his subsequent violations.[80] These facts, especially in combination, are more than sufficient to support punitive damages claims at the dismissal stage. Therefore, Guy's allegations against GSC remain sufficient to survive dismissal.

### iii.    GSC's vicarious liability for punitive damages

Although Moving Defendants seek to dismiss Guy's punitive damages claims against GSC due to reckless hiring and supervision, they present no argument as to

---

[78]   *Shelton v. Gure*, No. 3:19-cv-0843, 2019 U.S. Dist. LEXIS 149280, at *6 (M.D. Pa. Sept. 3, 2019*); Ditzler v. Wesolowski*, No. 3:2005-325, 2007 U.S. Dist. LEXIS 56736, at *17-18 (W.D. Pa. Aug. 3, 2007); *Harvell v. Brumberger*, No. 3:19-cv-2124, 2020 U.S. Dist. LEXIS 206828 (M.D. Pa. Nov. 4, 2020) (Carlson, M.J.).
[79]   Doc. 1 at 11-13, ¶¶ 37(c), (u), (w)-(y), (cc).
[80]   Doc. 1 at 11-13, ¶¶34(a)-(cc).

why Guy may not obtain punitive damages on a vicarious liability theory. As it is "well settled in Pennsylvania that punitive damages may be awarded on the basis of vicarious liability,"[81] and Moving Defendants have chosen not to brief the issue, the Court declines to address it further.

### C.   Motion to Strike

### 1.   Standard

When pleadings contain "redundant, immaterial, impertinent, or scandalous matter," a party may move to strike under Federal Rule of Civil Procedure 12(f). The narrow purpose of a motion to strike is to "clean up the pleadings, streamline litigation, and avoid unnecessary forays into immaterial matters."[82]  District Courts have broad discretion in granting a Rule 12(f) motion to strike.[83] However, striking pleadings is a "drastic remedy" to be used "sparingly."[84] Motions to strike are generally disfavored, and should not be used as a substitute for a motion to dismiss or a motion for summary judgment. "[T]hey should be denied unless the challenged allegations have no possible relation or logical connection to the subject matter of the controversy and may cause some form of significant prejudice to one or more parties to the action."[85]

---

[81]   *Stemrich v. Zabiyaka*, No. 1:12-cv-1409, 2014 U.S. Dist. LEXIS 21606, at *10 (M.D. Pa. 2014); *see also Loughman v. Consol-Pa. Coal Co.*, 6 F.3d 88, 101 (3d Cir. 1993) (setting out vicarious liability standard).

[82]   *McInerney v. Moyer Lumber & Hardware, Inc.*, 244 F. Supp. 2d 393, 402 (E.D. Pa. 2002).

[83]   *Wirt v. Bon-Ton Stores, Inc.*, 134 F. Supp. 3d 852, 857 (M.D. Pa. 2015).

[84]   *Dann v. Lincoln Nat'l Corp.*, 274 F.R.D. 139, 142 (E.D. Pa. 2011).

[85]   *Mifflinburg Tel., Inc. v. Criswell*, 80 F. Supp. 3d 566, 577 (M.D. Pa. 2015).

### 2.    Analysis

Defendants move to strike paragraphs 21-23, 37(g), 37(i), 37(aa), 29(g), and 29(aa), alleging that allegations that Eliwa failed to stop or render aid to Guy after the accident should be stricken because they are immaterial and would improperly portray Eliwa in a derogatory light.[86] Defendants also move to strike paragraphs 37(b), 37(c), 37(d), 29(b), 29(c), and 29(d) of the Complaint, alleging Eliwa's violations of two Pennsylvania Motor Vehicle Code provisions, because they are immaterial and impertinent.

Because Defendant Eliwa's flight from the scene of the accident is a viable basis for punitive damages, this fact remains relevant and will not be struck from the Complaint. Defendants' alleged violations of the Pennsylvania Motor Vehicle Code also remain relevant to the punitive damages inquiry, regardless of whether they could support punitive damages claims on their own. Section 3309(1) regulates driving within a single travel lane, stating:

> A vehicle shall be driven as nearly as practicable entirely within a single travel lane and shall not be moved from the lane until the driver has first ascertained that the movement can be made with safety.[87]

Section 3714(a) regulates careless driving, stating:

> Any person who drives a vehicle in careless disregard for the safety of persons or property is guilty of careless driving, a summary offense.[88]

---

[86]   Paragraphs 21-23 refers to Factual Background, page 5 in the complaint. Paragraph 37 refers to Count 1, pages 7-8. Paragraph 29 refers to Count II, pages 9-10.

[87]   75 Pa. C.S. § 3309(a) (2022).

[88]   75 Pa. C.S. § 3714(a) (2022).

As discussed above, violations of the FMCSRs can support a claim for punitive damages; the same is true for other applicable statutes, including Sections 3309 and 3714, when combined with conduct evidencing reckless indifference.[89] This Court has already refused to strike allegations that a Defendant has been charged with violating sections of the Pennsylvania Motor Code when presented with complaints making the same legal claims.[90] While these traffic infractions appear to be ordinary negligence, the "reckless indifference" standard is not analyzed in isolation. Rather, the factfinder must determine whether, based on *all* the circumstances, the Defendant displayed a reckless indifference.[91] The combination of individually negligent acts, when assembled on the same canvas, may paint a reckless picture. Striking any of these allegations would be inappropriate at this stage of litigation, since the Court has only a sketch of the relevant facts. As each of these allegations may be relevant in the ultimate punitive damages or negligence assessment, none will be dismissed at this time.

Even if Guy fails to prove that Eliwa or GSC acted with reckless indifference and does not recover punitive damages, Eliwa's violations of Sections 3309 and

---

[89] *See, e.g.*, *Shelter v. Zeger*, 4 D.&C. 4th 564, 570 (Franklin Cnty 1989) (finding that driving while intoxicated, along with violation of another section of the Motor Vehicle Code requiring defendant to yield the right-of-way at an intersection, supported punitive damages).

[90] *Lane v. McLean*, 3:17-cv-428, 2018 U.S. Dist. LEXIS 54033, at *15 (M.D. Pa. Mar. 29, 2018).

[91] See *Feld v. Merriam*, 485 A.2d 742, 747-48 (Pa. 1984) ("[O]ne must look to 'the act itself together with all the circumstances including the motive of the wrongdoers and the relations between the parties.").

3714 of the Motor Vehicle Code, and his charges for those violations, may also be pertinent to Plaintiff's recovery under a common law negligence theory. The Court need not address whether negligence per se claims are viable under these provisions, both because the Plaintiff does not proffer this theory and because it is ultimately immaterial to the disposition of this motion to strike. Under a common law negligence theory, violations of the FMCSRs and Pennsylvania Motor Vehicle Code are not *dispositive* on the issue of negligence. They are, however, relevant.

It is textbook tort law that statutes can be weighed as probative evidence of reasonableness by a trier of fact assessing the applicable duty in a common law negligence action. As the Superior Court of Pennsylvania has explained:

> [I]f the plaintiff cannot establish that a statute creates an applicable duty, she may still argue that it establishes the standard of care as a matter of fact. Under a traditional common law negligence claim, a plaintiff must present evidence to establish the standard of care the defendant owed to the plaintiff under the circumstances. The existence and scope of the duty at common law is generally considered a question of fact for the chosen fact-finder to resolve.[92]

---

[92] *Robinson v. Mercy Fitzgerald Hosp.*, No. 3498-EDA-2019, 2021 Pa. Super. Unpub. LEXIS 1784, at *13 (Pa. Super. Ct. July 7, 2021) (citations omitted); *see also Echeverria v. Holley*, 142 A.3d 39, 35-36 (Pa. Super. Ct. 2016) (the fact that landlord's failure to install smoke detectors violated statutory and administrative regulations contributed to finding that landlord breached duty of reasonable care under common law negligence theory); *Mangino v. Cowher*, 13 Pa. D. & C. 5th 427, at *19 (Lawrence Cnty., June 11, 2010) (explaining in a dog bite case that "a party may rely on common law principles, in addition to statutory violations, to establish liability" for common law negligence).

Regardless of whether these sections of the Pennsylvania Motor Vehicle Code "support a negligence per se shortcut" here,[93] they may be considered by the fact finder and will not be struck at this time. If it becomes apparent later in this litigation that providing a fact finder with knowledge of these statutory violations would be unduly confusing, Defendants may then move to strike.

## III.   CONCLUSION

Moving Defendants' Motion for a More Definite Statement pursuant to Rule 12(e) is granted as to paragraphs 37(m), 37(o), 37(p), 37(t), 37(u), 37(x), 29(m), 29(o), 29(p), 29(t), 29(u), 29(x), 34(p), 34(s), and 34(bb) of Plaintiff's complaint; Plaintiff is granted leave to amend his pleadings accordingly.[94] Defendant's Motion for a more definite statement as to paragraphs 37(n), 29(n), 34(p), 34(q), 34(r), and 34(cc) is denied. Moving Defendants' Motion to Dismiss pursuant to Rule 12(b)(6) is denied. Defendants' Motion to Strike pursuant to Rule 12(f) is denied.

An appropriate Order follows.

BY THE COURT:


*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

[93]   *See Shamnoski v. PG Energy*, 858 A.2d 589, 602 (Pa. 2004) (refusing to recognize a negligence per se theory due to the applicable statute setting forth a "general standard of conduct").

[94]   Paragraph 37 refers to Count I, pages 7-8. Paragraph 29 refers to Count II, pages 9-10. Paragraph 34 refers to Count III, pages 11-13.